IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COURTHOUSE NEWS SERVICE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:21-CV-00286-HEA ) |
| JOAN M. GILMER, et al, | ) ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

Defendants Joan M. Gilmer and Kathy S. Lloyd in support of Defendant's contemporaneously filed Motion to Dismiss state as follows:

### I.   INTRODUCTION

Plaintiff brings suit challenging "the policies and practices" of the Circuit Clerk of St. Louis County and the Administrative Director of the Missouri Office of State Courts Administrator ("OSCA") in relationship to "contemporaneous" access to new civil petitions. Plaintiff alleges that St. Louis County "withholds" access to newly filed civil petitions, misunderstanding how Missouri has traditionally defined what constitutes a "filed" petition. *See* Supreme Court of Missouri Rule 103.03(a) ("Files of the Court (a) When a court accepts an electronic document for filing, the electronic document is the official court record."); *see also* Missouri Supreme

Court Rule 103.06(f); Supreme Court of Missouri Court Operating Rule 27. Plaintiff's claims disregard any duty of the Clerk to ensure only non-confidential filings are released to the public, or that the petitions are properly filed and paid for before the court exercises its jurisdiction over the matter. Instead, the Plaintiffs come to the federal courts in an effort to compel a state to impose a new system for processing and providing public access to cases with no consideration to the technical build of Missouri's e-filing system, the effect it would have on the ability for courts to regulate their own dockets, or even basic principles of equity, federalism, and comity.

The Missouri E-filing system, and its the public access portal Case.net, are operated by OSCA and used by the local circuit clerks, who have control over matters filed in their jurisdiction. These two systems are governed by Missouri Supreme Court Operating Rules, issued with the force and effect of law by the Missouri Supreme Court pursuant to Article V, Sec. 5 of the Missouri Constitution. A change in Missouri e-filing system would necessarily need to be reflected in the Operating Rules, as dictated by the Supreme Court of Missouri.

Plaintiff's claims, on their face, put the federal courts in direct conflict with the Missouri courts before the Missouri courts have had the opportunity to address these concerns. And any grant of relief from this Court would put this Court in a supervisory role over the Supreme Court of Missouri until the

State could come to a solution that this court finds tenable. This intrusion into the internal processes of the Missouri Courts is the exact issue that the *Younger* abstention doctrine and its progeny contemplate, as outlined in *Courthouse News Service v. Brown*, 908 F.3d 1063 (7th Cir. 2018).

Defendants have filed a contemporaneous Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction, asserting, among other things, that Plaintiff has failed to state a claim upon which relief can be granted. In the interest of judicial economy, Defendants incorporate those suggestions into this Memorandum in Support of Motion to Dismiss.

**II.     Standard of Review**

Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12. "Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept as true all facts pleaded by Plaintiff, granting him those reasonable inferences the factual content permits. *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000). But, legal conclusions masquerading as factual allegations are not accepted as true.

*Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### III. Due to the principles of equity, federalism, and comity, it is not appropriate for the federal court to undertake supervision of the Missouri courts.

State courts have a significant interest in running their own clerks' offices and setting their own filing procedures. *Courthouse News Service*, 908 F.3d at 1071. When these procedures are challenged as they have been here, the state courts should be given the first opportunity to determine precisely what level of press access is required, appropriate, and feasible in a state court. *Id.* A federal court may, and often must decline to exercise its jurisdiction where doing so would intrude upon the independence of the state courts. *SKS & Associates v. Dart*, 619 F.3d 674, 682 (7th Cir. 2010). The abstention doctrine recognizes that "the State's interests are paramount and that a dispute would best be adjudicated in a state forum." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996). "This equitable decision balances the strong federal interest in having certain classes of cases, and certain federal rights, adjudicated in federal court, against the State's interests in maintaining uniformity in the treatment of an essentially local problem." *Id.* (citations and internal quotations omitted).

Understanding abstention is the exception, not the rule, Defendants do

not invoke this principle lightly. However, Plaintiff is seeking to interject the federal courts into the day-to-day operations of the Missouri state courts without allowing the Missouri state courts the opportunity to weigh in on its own rules and operations. *See Courthouse News Service*, 908 F.3d at 1071. ("CNS has not yet sought relief in the state courts here. Proceeding straight to the federal court to resolve a dispute with a state court clerk over the timing of access conflicts with the general principles of federalism, comity, and equity that underlie abstention. Unless and until the state courts have proven unwilling to address an alleged First Amendment violation—which we are not yet convinced exists—the federal courts should not exercise jurisdiction over the matter.").

The Seventh Circuit, in a matter strikingly similar to this case and filed by the same Plaintiff, outline how the abstention doctrine applies in this circumstance. Starting with the Supreme Court's seminal abstention case of *Younger v. Harris*, the Seventh Circuit chose to refrain from exercising federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings. *Id.*; *see also Younger v. Harris,* 401 U.S. 800 (1971). This doctrine was expanded by *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974) ("Apparently the order would contemplate interruption of state proceedings to adjudicate assertions of noncompliance by petitioners. This seems to us nothing less than an ongoing federal audit of state criminal proceedings

which would indirectly accomplish the kind of interference that *Younger v. Harris*, supra, and related cases sought to prevent.") *and Rizzo v. Goode*, 423 U.S. 362, 378-9 (1976) ("When the frame of reference moves from a unitary court system, governed by the principles just stated, to a system of federal courts representing the Nation, subsisting side by side with 50 state judicial, legislative, and executive branches, appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief.").

Combined with the general principles of federalism, equity, and comity, the Seventh Circuit used these principles to determine that abstention was appropriate. *Courthouse News Service*, 908 F.3d at 1073. The Eighth Circuit has reached the same conclusion in different but similar circumstances. *See Oglala Sioux Tribe v. Fleming*, 904 F.3d 603 (8th Cir. 2018) ("A federal court order dictating what procedures must be used in an ongoing state proceeding would interfere with that proceeding by inhibiting the legitimate functioning of the individual state's judicial system."). *See also Dixon v. City of St. Louis*, 950 F.3d 1052 (8th Cir. 2020) ("We note that this principle of comity takes on special force when federal courts are asked to decide how state courts should conduct their business.") (reversing district court's grant of preliminary injunction because the district court "interjected the power of the federal government into the Missouri Supreme Court's attempt to police its own

lower courts, without contemplating what this would mean for federal-state relations.") (citation, internal quotations, and modifications omitted).

Cooperation and comity, not competition and conflict, are essential to the federal design." *Kowalski v. Tesmer*, 543 U.S. 125, 133 (2004). Comity is given vital consideration in deciding to abstain from federal intervention of a state process. *See Younger* 401 U.S. at 750. This includes "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *SKS & Assocs., Inc.*, 619 F.3d at 678. This principle of comity takes on special force when federal courts are asked to decide how state courts should conduct their business. *Courthouse News Service*, 908 F.3d at 1074.

Plaintiffs seek to use the federal courts to compel Missouri to change its rules to allow for contemporaneous access to newly submitted civil complaints. Plaintiff's Complaint then, in an effort to illustrate their desire, gives examples of systems that give *instant* access to newly submitted complaints. This is a process not even used by the Supreme Court of the United States. *See id.* at 1065. In order to comply, this court would necessarily need to mandate changes to the Missouri Supreme Court Operating Rules ("COR") issued by the Missouri Supreme Court, in particular

COR 2 and 27. In addition, Plaintiff's requested relief would force immediate modification of design and scope of operating systems, which takes resources and money on a limited state budget. This imposition would be highly intrusive of state court administrative functions and deprive the state of the opportunity to govern itself and administer its judicial process on its own. Plaintiff's examples show it wants one immediate way of operating e-filing systems. That's not comity, its conquest.

This Court is in position to allow Missouri to address a Missouri issue, and should exercise its right to abstain in order to preserve the principles of comity, equity, and federalism that the framers intended. It should never be forgotten that this slogan, 'Our Federalism,' born in the early struggling days of our Union of States, occupies a highly important place in our Nation's history and its future. *Younger*, 401 U.S. at 44–45.

## IV. CONCLUSION

Accordingly, Defendants respectfully request the Court GRANT Defendants' Motion to Dismiss and dismiss this civil action.

    ERIC S. SCHMITT
    Attorney General

    /s/ *Gerald M. Jackson*
    Gerald M. Jackson
    Assistant Attorney General
    Missouri Bar No. 66995
    Supreme Court Building
    207 West High Street

P.O. Box 899<br>
Jefferson City, MO  65102<br>
Telephone:  573-751-7493<br>
Telefax:  573-751-5660<br>
E-mail: gerald.jackson@ago.mo.gov

*/s/ D. Ryan Taylor*
D.RYAN TAYLOR
Assistant Attorney General
Missouri Bar No. 63284
Fletcher Daniels State
Office Building
615 E. 13th Street, Suite 401
Kansas City, MO 64106
Phone: (816) 889-5008
Fax: (573) 751-5660
ryan.taylor@ago.mo.gov

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 3, 2021, a true and accurate copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to all entered parties.

*/s/ D. Ryan Taylor*
Assistant Attorney General