IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **COURTHOUSE NEWS SERVICE**,<br><br>       Plaintiff,<br><br>  v.<br><br>**JOAN M. GILMER**, in her official capacity as Clerk of the Circuit Court of St. Louis County, Missouri; and **KATHY S. LLOYD**, in her official capacity as State Courts Administrator for the Missouri Office of State Courts Administrator,<br><br>       Defendants. | Case No: 21-cv-00286-HEA |

## JOINT MOTION FOR ORDER CONTINUING DEADLINE TO COMPLETE FACT DISCOVERY AND FILE MOTIONS

  Plaintiff Courthouse News Service ("Courthouse News") and Defendants Joan M. Gilmer, in her official capacity as Clerk of the Circuit Court of St. Louis County, Missouri, and Kathy S. Lloyd, in her official capacity as State Courts Administrator for the Missouri Office of State Courts Administrator (collectively the "Parties"), jointly move for an order further amending the Case Management Order ("CMO"), (Dkt. 65), to continue the deadlines to complete fact discovery and file dispositive and non-dispositive motions, and continue the current trial date, by ninety (90) days. In support of this motion, the Parties state as follows:

  1. The Court issued a Case Management Order ("CMO") on November 10, 2022, (Dkt. 65). Among other things, the CMO sets deadlines for completion of fact discovery and filing motions, and it set the action for trial on January 22, 2024.

  2. The Parties filed a Joint Motion for Order Continuing Deadline to Complete Fact Discovery and File Motions on May 19, 2023, (Dkt. 70). The Court granted the Parties' motion

on May 22, 2023, (Dkt. 71), and granted the Parties additional time as follows:

    a. Discovery Completion due by September 1, 2023;

    b. Non-Dispositive Motions due by September 12, 2023; and

    c. Dispositive Motions due by November 1, 2023.

3. The Parties filed a second Joint Motion for Order Continuing Deadline to Complete Fact Discovery and File Motions on August 31, 2023, (Dkt. 77). The Court granted the Parties' motion on September 1, 2023, (Dkt. 78), and granted the Parties additional time as follows:

    a. Discovery Completion due by December 1, 2023;

    b. Non-Dispositive Motions due by December 12, 2023; and

    c. Dispositive Motions due by February 1, 2024.

4. The Parties now request an additional ninety (90) day extension of each of these deadlines, and a ninety (90) day continuance of the April 29, 2024, trial date. The Parties agree good cause exists to further modify the CMO for these requested continuances, as before, because of ongoing and productive settlement negotiations that require additional time.

5. The Parties initially requested modification of the CMO because they were working diligently on discovery but nevertheless required additional time to complete written discovery and document productions, and thereafter, complete fact witness depositions, (Dkt. 70).

6. In early July 2023, Defendants informed Plaintiff of contemplated changes to the Missouri e-Filing System that, once fully implemented, will likely result in the elimination of the restriction on access to new e-filed civil petitions and resulting access delays alleged in Plaintiff's Complaint, (Dkt. 1), by replacing the current manual clerk acceptance process with an automated process that will not require review and acceptance by local clerk staff of new e-filed civil petitions. A true and correct copy of the May 5, 2023 Motion to Automate the Clerk Acceptance

Queue directing implementation of this change, approved by the Missouri Court Automation Committee, is attached as Exhibit 1. The automation of the clerk acceptance queue is referred to as "Automatic Case Creation."

7. Following Defendants' disclosure of the plan to develop and implement Automatic Case Creation the Parties agreed to pause discovery pending completion of an initial round of mediation.

8. The Parties' filed their Notice of Appointment of Neutral on July 17, 2023, (Dkt. 76), and completed their initial round of mediation with David Hamilton (JAMS) on August 28, 2023.

9. Although the case did not resolve at the mediation, the Parties agree the session was productive. Among other things, the Parties addressed the timing of development and implementation of Automatic Case Creation, as well as the particular case types to be included in an initial pilot program for Automatic Case Creation.

10. The Parties concluded their initial session of mediation with an agreement to resume mediation in October, following a meeting of the Missouri Case Management Oversight Team on October 5, 2023, at which Defendants would address some of timing, development and implementation issues discussed during the mediation.

11. The Parties conducted the second round of mediation with Mr. Hamilton on October 12, 2023. This second round was an abbreviated session because the Defendants were not yet in a position to commit to deadlines for development and implementation of Automatic Case Creation. The Parties agreed to continue the mediation at a later date, to allow Defendants' additional time to assess and commit to the proposed timeline, taking into account other projects they were required to implement in accordance with deadlines imposed by the Missouri Supreme Court.

12. The Parties reconvened for the third session of mediation with Mr. Hamilton on

November 7, 2023.

13. After a full day of further discussions and negotiations, the Parties made significant progress, but there remain several points upon which the Parties have yet to reach agreement, resolution of which are necessary to fully settle this matter.

14. The third round of mediation concluded with the Parties' agreement to continue their negotiations, with and through Mr. Hamilton, with the hopes of not requiring a fourth session of mediation while at the same time remaining open to that possibility should a fourth session be necessary.

15. The Parties agree it is in their mutual best interests to continue to pause discovery and conserve resources pending completion or exhaustion of settlement negotiations.

16. Accordingly, the Parties hereby request that the Court continue the deadline to complete fact discovery, making that deadline **March 1, 2024**.

17. The Parties also request that the Court continue the deadline to file non-dispositive motions to **March 23, 2024**.

18. The Parties also request that the Court continue the deadline to file dispositive motions to **May 1, 2024**.

19. Finally, the Parties request that the Court continue the trial date to a new date on or after **July 24, 2024**, as the Court's calendar may allow.

//

//

//

//

Date:   December 5, 2023			Respectfully submitted,

								BRYAN CAVE LEIGHTON PAISNER LLP

								By: /s/ *Jonathan G. Fetterly*

								J. Bennett Clark (MO #30907)
								211 N. Broadway, Suite 3600
								St. Louis, Missouri 63102
								Tel. (314) 259-2000 | Fax (314) 259-2020
								ben.clark@bclplaw.com

								*Admitted Pro Hac Vice*:
								Rachel Matteo-Boehm (CA #195492)
								Katherine A. Keating (CA # 217908)
								Jonathan G. Fetterly (CA #228612)
								Three Embarcadero Center, 7th Floor
								San Francisco, CA 94111
								Tel. (415) 675-3400 | Fax (415) 675-3434
								rachel.matteo-boehm@bclplaw.com
								katherine.keating@bclplaw.com
								jon.fetterly@bclplaw.com

								*Attorneys for Plaintiff*
								*Courthouse News Service*

Date:   December 5, 2023			ANDREW BAILEY
								Attorney General

								By: /s/ *Jason K. Lewis*
								Jason Lewis (MO # 66725)
								Assistant Attorney General
								Missouri Attorney General's Office
								Post Office Box 861
								St. Louis, Missouri 63188
								Tel. (314) 340-3420
								Email : Jason.lewis@ago.mo.gov

								*Attorneys for Defendants Joan M. Gilmer and*
								*Kathy S. Lloyd*

5